**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0526n.06

No. 12-5763

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 29, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| In re: WILLIAM W. PIERCE, JR., | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| MAXIE E. HIGGASON, JR., | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Plaintiff-Appellee, | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| v. | ) | KENTUCKY |
| | ) | |
| VANDERBILT MORTGAGE AND | ) | |
| FINANCE, INC., | ) | OPINION |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MOORE, SUTTON, and DONALD, Circuit Judges.

**Bernice B. Donald, Circuit Judge.**  Maxie E. Higgason, Jr., a Chapter 7 Trustee, brought a strong-arm proceeding against Appellant Vanderbilt Mortgage and Finance, Inc. (Vanderbilt) to avoid a lien claimed by Vanderbilt against William W. Pierce, Jr.'s manufactured home.  Vanderbilt failed to file its Certificate of Title in Pierce's county of residence, but instead filed it in its own county of residence.  We quite recently confronted virtually identical factual and legal issues in *Vanderbilt Mortg. & Fin., Inc. v. Westenhoefer*, No. 11-6216, (6th Cir.  March ___, 2013).  There we concluded that a Certificate of Title must be filed in the debtor's county of residence in order to be properly perfected under Kentucky law.  On the basis of that decision, we **AFFIRM**.